1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5

6               FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                                          No. C 08-05644 CW
ANTHONY IMPERIAL,
8                                          ORDER GRANTING
         Plaintiff,                        DEFENDANT'S MOTION
9                                          TO DISMISS

10    v.

CITY AND COUNTY OF SAN FRANCISCO,
11   Does 1 to 10,

12       Defendant.
                                                          /
13   ─────────────────────────────────────

14       On December 18, 2008, Plaintiff filed his original complaint.

15   On January 21, 2009, Defendant City and County of San Francisco

16   filed a motion to dismiss.  Because Plaintiff did not file a timely

17   opposition the scheduled hearing was vacated and Plaintiff was

18   ordered to file an opposition or an amended complaint.  On February

19   25, 2009, Plaintiff filed an amended complaint.  Defendant moves to

20   dismiss Plaintiff's amended complaint under Federal Rule of Civil

21   Procedure 12(b)(6).  Plaintiff opposes the motion.  The matter was

22   taken under submission on the papers.  Having considered all of the

23   papers filed by the parties, the Court GRANTS Defendant's motion

24   and dismisses the complaint.  Leave to amend is granted as to some

25   of the claims.

26                              BACKGROUND

27       Plaintiff "does business" as NextArts in the Hunter's Point

28   area of San Francisco.  Plaintiff alleges that Defendant engaged in

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  unfair business practices in awarding contracts to businesses in
2  Hunter's Point and that as a result of reporting this on November
3  11, 2006, Plaintiff became "the target of police harassment."  Am.
4  Compl. at 1.

5      Plaintiff further alleges that Defendant aided local
6  businesses "in an effort to end Plaintiff's business career;" that
7  Defendant supplied "incorrect and improper information regarding
8  Plaintiff" resulting in the issuance of a restraining order against
9  him; that, during a hearing on the restraining order, Defendant
10 "supplied information regarding a past conviction that was sealed
11 by the court and was unrelated to any alleged present behavior by
12 Plaintiff;" and that Defendant harassed Plaintiff despite knowledge
13 that he is disabled.  Am. Compl. at 3.  Based on these allegations,
14 Plaintiff attempts to state claims under 42 U.S.C. § 1983 against
15 Defendant for violations of the Fourteenth Amendment's Due Process
16 and Equal Protection Clause, and "other applicable State of
17 California and Federal laws."  Am. Compl. at 2.

18                        LEGAL STANDARD

19     A complaint must contain a "short and plain statement of the
20 claim showing that the pleader is entitled to relief."  Fed. R.
21 Civ. P. 8(a).  When considering a motion to dismiss under Rule
22 12(b)(6) for failure to state a claim, dismissal is appropriate
23 only when the complaint does not give the defendant fair notice of
24 a legally cognizable claim and the grounds on which it rests.  Bell
25 Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007).  The Supreme
26 Court has specifically declared that "a federal court may not apply
27 a heightened pleading standard to a complaint alleging municipal
28 liability under § 1983."  Branch v. Tunnell, 14 F.3d 449, 450 (9th

2

Cir. 1994) (citing <u>Leatherman v. Tarrant County Narcotics</u>

<u>Intelligence and Coordination</u>, 507 U.S. 163, 168 (1993)).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  <u>NL</u> <u>Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  <u>Id.</u> at 296-97.

DISCUSSION

I. Stating a Claim Under 42 U.S.C. § 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

Constitution and laws' of the United States." <u>Wilder v. Virginia</u> <u>Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (<u>quoting</u> 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda</u> <u>County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City</u> <u>of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he or she does an affirmative act, participates in another's affirmative act or omits to perform an act which he or she is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. <u>Leer</u>, 844 F.2d at 633.

Local governments are "persons" subject to liability under § 1983 only where an official policy or custom causes a constitutional tort. <u>See</u> <u>Monell v. Dep't of Social Servs.</u>, 436

4

U.S. 658, 690 (1978).  They may not be held vicariously liable for the unconstitutional acts of their employees under the theory of respondeat superior.  See Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995).  Rather, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  Liability based on a municipal policy may be satisfied one of three ways:

> (1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity,
>
> (2) by establishing that the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or
>
> (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.

See Fuller, 47 F.3d at 1534; Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).  A local government may also be liable for constitutional violations resulting from its failure to supervise, monitor or train, but only where the inadequacy of said supervision, monitoring or training amounts to deliberate

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

indifference to the rights of the people with whom the local government comes into contact. See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Mackinney v. Nielsen, 69 F.3d 1002, 1010 (9th Cir. 1995); Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).

In his amended complaint, Plaintiff fails to name any individual defendant acting under color of state law or even to describe a specific state actor whose name is unknown. Furthermore, Plaintiff may only sue the City and County of San Francisco if he can meet the requirements set forth under Monell, which also requires that Plaintiff allege what specific individual actors did. Plaintiff alleges no basis for imposing liability on a municipal Defendant. Therefore, all claims against Defendant must be dismissed on this ground alone. Plaintiff is granted leave to amend to remedy this deficiency, if he truthfully can do so.

If Plaintiff reasserts his section 1983 claims in an amended complaint he must also remedy his claim under the Due Process Clause of the Fourteenth Amendment, as discussed below.

A. Equal Protection Claim

Defendant argues that Plaintiff fails to show that any municipal actor acted with the intent or purpose to discriminate against him as a member of a protected class because he fails to allege that his disability was a motivating factor for his alleged mistreatment. Defendant states that whistleblowers are not a protected class. Alternatively, Defendant argues that Plaintiff has failed to allege that whistleblowers as a class are treated differently than non-whistleblowers. Plaintiff does not respond to

1    the argument.

2        "The Equal Protection Clause of the Fourteenth Amendment
3    commands that no State shall 'deny to any person within its
4    jurisdiction the equal protection of the laws,' which is
5    essentially a direction that all persons similarly situated should
6    be treated alike." City of Cleburne v. Cleburne Living Ctr., 473
7    U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216
8    (1982)).  "To state a claim under 42 U.S.C. § 1983 for a violation
9    of the Equal Protection Clause of the Fourteenth Amendment a
10   plaintiff must show that the defendants acted with an intent or
11   purpose to discriminate against the plaintiff based upon membership
12   in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194
13   (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).  To state a
14   claim for relief, the plaintiff must allege that the defendant
15   acted, at least in part, because of the plaintiff's membership in a
16   protected class.  Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th
17   Cir. 2003).  "The disabled do not constitute a suspect class." Lee
18   v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001); see City
19   of Cleburne, 473 U.S. at 440.  Plaintiff's disability does not put
20   him in a protected class.

21       Plaintiff does not allege that whistleblowers constitute a
22   protected class nor does he cite to any authority that
23   whistleblowers are a protected class under Fourteenth Amendment and
24   the Court is unaware of none.  Plaintiff's amended complaint
25   therefore fails to raise a cognizable claim under the Fourteenth
26   Amendment.

27       In its motion to dismiss Plaintiff's original complaint,
28   Defendant argued that Plaintiff's claims under the Fourteenth

**United States District Court**
For the Northern District of California

7

United States District Court
For the Northern District of California

Amendment were deficient because Plaintiff failed to allege that he was a member of a protected class.  Rather than oppose this motion, Plaintiff filed an amended complaint and thus had an opportunity to correct this.  Because Plaintiff's amended complaint contains the same deficiency, his claim under the Fourteenth Amendment is dismissed without leave to amend.

B. Due Process Claim

With respect to Plaintiff's allegation that Defendant "aided local businesses . . . harassing Plaintiff in an effort to end Plaintiff's business career," Defendant argues that losing some business does not implicate a valid property interest under the Due Process Clause and that Plaintiff fails to allege that Defendant caused him to lose his business altogether.   The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property" without due process of law.  Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995).  To state a claim under the Due Process Clause a plaintiff must allege that the government has deprived him of life, liberty or property, Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976), and that the government deprived him of these constitutionally-protected interests without due process of law.  Id.

"The assets of a business (including its good will) unquestionably are property, and any state taking of those assets is unquestionably a 'deprivation' under the Fourteenth Amendment." College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 674 (1999).

Plaintiff does not clearly allege that municipal actors'

8

**United States District Court**
For the Northern District of California

1 conduct amounted to a deprivation of his entire business, or, if

2 so, how.  Nor does he allege the type of process to which he

3 believes he is due.  The Court dismisses Plaintiff's due process

4 claim with leave to amend to make these allegations, if he can

5 truthfully do so.

6 II.  State Law Claims

7     A.  Federal Rule of Civil Procedure 8(a)

8     Defendant argues that Plaintiff fails to allege any specific

9 state law claim.  Plaintiff's vague assertion that his claim arises

10 under "other applicable State of California . . . laws" is not

11 sufficient to state a claim under Federal Rule of Civil Procedure

12 8(a).  Plaintiff must specify the exact state law violation which

13 he intends to claim.  Plaintiff's state law claims are, therefore,

14 dismissed.  The Court grants leave to amend these claims, if they

15 can be amended in compliance with the statute of limitations, as

16 discussed below.

17     B.  Statute of Limitations

18     Defendant argues that Plaintiff's state law claims should be

19 dismissed without leave to amend because he did not file his

20 lawsuit timely after exhausting his administrative remedies.

21     California law requires that a plaintiff suing a public entity

22 first seek relief in the City Controller's Office.  Cal. Gov't Code

23 § 945.4.  If the relief is denied, the plaintiff may file a lawsuit

24 within six months of that denial.  Cal. Gov't Code § 945.6(a)(1).

25 Failure to file within six months may result in summary judgment

26 for the defendant.  <u>Gonzales v. County of Los Angeles</u>, 199 Cal.

27 App. 3d 601, 605 (1988).  The six month statute of limitations

28 applies to actions in federal court.  <u>See</u> <u>Estate of Darulis v.</u>

9

United States District Court
For the Northern District of California

1   <u>Garate</u>, 401 F.3d 1060, 1062 (9th Cir. 2005).

2       The purpose of the statute is to insure that claims are not

3   stale and evidence is available.  <u>DeLeon v. Bay Area Rapid Transit</u>

4   <u>Dist.</u>, 33 Cal.3d 456, 459 (1983); <u>Addison v. State of California</u>,

5   21 Cal.3d 313, 317 (1978).  However, there is a strong public

6   policy favoring disposition of litigation on the merits wherever

7   possible, rather than on procedural grounds.  <u>Barrington v. A. H.</u>

8   <u>Robins Co.</u>, 39 Cal.3d 146, 152 (1985).

9       On February 1, 2007, Plaintiff filed his first claim with the

10  City Controller's Office alleging "Wrongful Eviction, Violation of

11  Civil Rights (Whistleblower Statutes), Police Harassment and

12  Misconduct."  Dec. of Joshua S. White, Exhibit C.  On August 3,

13  2007, Plaintiff's claim was denied.  This complaint was filed on

14  February 25, 2009, more than six months after August 3, 2007, so it

15  is barred by the statute of limitations.  Plaintiff argues that

16  this claim was moot because he was evicted.  This argument is

17  unavailing.  Any putative state law claims Plaintiff brings for

18  "Wrongful Eviction, Violation of Civil Rights (Whistleblower

19  Statutes), Police Harassment and Misconduct" are dismissed without

20  leave to amend.

21      On September 1, 2008, Plaintiff filed a second claim with the

22  City Controller's Office against the San Francisco Police

23  Department alleging that officers "caused Claimant severe emotional

24  distress and deprived him of his civil rights."  Neither party

25  alleges the date of the City Controller's Office decision.

26  Nevertheless, Plaintiff's first and second claims are based on the

27  same facts and circumstances; in both claims Plaintiff alleges that

28  he was harassed by police officers because of his report regarding

10

the allocation of contracts to businesses in Hunter's Point.
Because both claims are based on the same incidents, Plaintiff's
second claim does not restart the statute of limitations.  Thus,
any of Plaintiff's causes of action that depend on these
administrative claims to satisfy the exhaustion requirement are
time-barred.  The Court, therefore, dismisses Plaintiff's state law
claims with leave to amend to allege only specific state law claims
that have been exhausted and are not time-barred.

III. Punitive Damages

Defendant argues that Plaintiff's claim for punitive damages
must be dismissed because Plaintiff may not recover such damages
against it under either state or federal law.  Plaintiff's
opposition fails to address this argument.

The Supreme Court has held that a municipality is immune from
punitive damages under § 1983.  City of Newport v. Fact Concerts,
Inc., 453 U.S. 247, 271 (1981).  Generally, under California law,
public entities are not liable for punitive damages.  See Cal.
Gov't Code § 818.

Plaintiff's federal claims arise under § 1983 and, therefore,
he may not seek punitive damage for his federal claims.  Plaintiff
also may not seek punitive damages against the City and County of
San Francisco for any state law claim.  A public employee, however,
may be held liable for punitive damages.  Runyon v. Superior Court,
187 Cal.3d 878, 232 (1986).  Under California law, punitive damages
are available upon a showing that the defendant acted with
"oppression, fraud, or malice."  Cal. Civ. Code § 3294.  If
Plaintiff is able to amend his complaint to state a claim under
California law against a named public employee, he may seek

United States District Court
For the Northern District of California

11

United States District Court
For the Northern District of California

1  punitive damages against that employee if he is truthfully able to

2  allege oppression, fraud, or malice.

3                              CONCLUSION

4      The Court GRANTS Defendant's motion to dismiss Plaintiff's

5  amended complaint.  Plaintiff's claims under § 1983 are dismissed.

6  Plaintiff's Equal Protection claim under § 1983 and request for

7  punitive damages on his § 1983 claims are dismissed without leave

8  to amend.  Plaintiff's Due Process claim under § 1983 and state law

9  claims are dismissed with leave to amend.  Plaintiff may file and

10 serve a second amended complaint within twenty (20) days of this

11 order.  If Plaintiff fails to file a second amended complaint

12 during this time, his complaint will be dismissed for failure to

13 prosecute.

14

15     IT IS SO ORDERED.

16

17 Dated:                    _____

18                           CLAUDIA WILKEN
                             United States District Judge

19

20

21

22

23

24

25

26

27

28