IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY IMPERIAL,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br>Does 1 to 10,<br><br>    Defendant. | No. C 08-05644 CW<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION<br>TO DISMISS |

    On December 18, 2008, Plaintiff filed his original complaint. On January 21, 2009, Defendant City and County of San Francisco filed a motion to dismiss. Because Plaintiff did not file a timely opposition the scheduled hearing was vacated and Plaintiff was ordered to file an opposition or an amended complaint. On February 25, 2009, Plaintiff filed an amended complaint. Defendant moves to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion and dismisses the complaint. Leave to amend is granted as to some of the claims.

BACKGROUND

    Plaintiff "does business" as NextArts in the Hunter's Point area of San Francisco. Plaintiff alleges that Defendant engaged in

unfair business practices in awarding contracts to businesses in Hunter's Point and that as a result of reporting this on November 11, 2006, Plaintiff became "the target of police harassment." Am. Compl. at 1.

Plaintiff further alleges that Defendant aided local businesses "in an effort to end Plaintiff's business career;" that Defendant supplied "incorrect and improper information regarding Plaintiff" resulting in the issuance of a restraining order against him; that, during a hearing on the restraining order, Defendant "supplied information regarding a past conviction that was sealed by the court and was unrelated to any alleged present behavior by Plaintiff;" and that Defendant harassed Plaintiff despite knowledge that he is disabled. Am. Compl. at 3. Based on these allegations, Plaintiff attempts to state claims under 42 U.S.C. § 1983 against Defendant for violations of the Fourteenth Amendment's Due Process and Equal Protection Clause, and "other applicable State of California and Federal laws." Am. Compl. at 2.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007). The Supreme Court has specifically declared that "a federal court may not apply a heightened pleading standard to a complaint alleging municipal liability under § 1983." Branch v. Tunnell, 14 F.3d 449, 450 (9th

2

Cir. 1994) (citing <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination</u>, 507 U.S. 163, 168 (1993)).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. <u>Id.</u> at 296-97.

DISCUSSION

I. Stating a Claim Under 42 U.S.C. § 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the

3

1  Constitution and laws' of the United States." Wilder v. Virginia
2  Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).
3  Section 1983 is not itself a source of substantive rights, but
4  merely provides a method for vindicating federal rights elsewhere
5  conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To
6  state a claim under section 1983, a plaintiff must allege two
7  essential elements: (1) that a right secured by the Constitution or
8  laws of the United States was violated and (2) that the alleged
9  violation was committed by a person acting under the color of state
10 law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda
11 County, 811 F.2d 1243, 1245 (9th Cir. 1987).

12 Liability may be imposed on an individual defendant under
13 section 1983 if the plaintiff can show that the defendant
14 proximately caused the deprivation of a federally protected right.
15 Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City
16 of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person
17 deprives another of a constitutional right within the meaning of
18 section 1983 if he or she does an affirmative act, participates in
19 another's affirmative act or omits to perform an act which he or
20 she is legally required to do, that causes the deprivation of which
21 the plaintiff complains. Leer, 844 F.2d at 633. The inquiry into
22 causation must be individualized and focus on the duties and
23 responsibilities of each individual defendant whose acts or
24 omissions are alleged to have caused a constitutional deprivation.
25 Leer, 844 F.2d at 633.

26 Local governments are "persons" subject to liability under
27 § 1983 only where an official policy or custom causes a
28 constitutional tort. See Monell v. Dep't of Social Servs., 436

4

U.S. 658, 690 (1978). They may not be held vicariously liable for the unconstitutional acts of their employees under the theory of respondeat superior. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). Rather, to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Liability based on a municipal policy may be satisfied one of three ways:

> (1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity,
>
> (2) by establishing that the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or
>
> (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.

See Fuller, 47 F.3d at 1534; Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). A local government may also be liable for constitutional violations resulting from its failure to supervise, monitor or train, but only where the inadequacy of said supervision, monitoring or training amounts to deliberate

5

indifference to the rights of the people with whom the local government comes into contact. See City of Canton v. Harris, 489 U.S. 378, 388 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Mackinney v. Nielsen, 69 F.3d 1002, 1010 (9th Cir. 1995); Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989).

In his amended complaint, Plaintiff fails to name any individual defendant acting under color of state law or even to describe a specific state actor whose name is unknown. Furthermore, Plaintiff may only sue the City and County of San Francisco if he can meet the requirements set forth under Monell, which also requires that Plaintiff allege what specific individual actors did. Plaintiff alleges no basis for imposing liability on a municipal Defendant. Therefore, all claims against Defendant must be dismissed on this ground alone. Plaintiff is granted leave to amend to remedy this deficiency, if he truthfully can do so.

If Plaintiff reasserts his section 1983 claims in an amended complaint he must also remedy his claim under the Due Process Clause of the Fourteenth Amendment, as discussed below.

A. Equal Protection Claim

Defendant argues that Plaintiff fails to show that any municipal actor acted with the intent or purpose to discriminate against him as a member of a protected class because he fails to allege that his disability was a motivating factor for his alleged mistreatment. Defendant states that whistleblowers are not a protected class. Alternatively, Defendant argues that Plaintiff has failed to allege that whistleblowers as a class are treated differently than non-whistleblowers. Plaintiff does not respond to

6

the argument.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).  To state a claim for relief, the plaintiff must allege that the defendant acted, at least in part, because of the plaintiff's membership in a protected class. Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  "The disabled do not constitute a suspect class." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001); see City of Cleburne, 473 U.S. at 440.  Plaintiff's disability does not put him in a protected class.

Plaintiff does not allege that whistleblowers constitute a protected class nor does he cite to any authority that whistleblowers are a protected class under Fourteenth Amendment and the Court is unaware of none.  Plaintiff's amended complaint therefore fails to raise a cognizable claim under the Fourteenth Amendment.

In its motion to dismiss Plaintiff's original complaint, Defendant argued that Plaintiff's claims under the Fourteenth

7

Amendment were deficient because Plaintiff failed to allege that he was a member of a protected class. Rather than oppose this motion, Plaintiff filed an amended complaint and thus had an opportunity to correct this. Because Plaintiff's amended complaint contains the same deficiency, his claim under the Fourteenth Amendment is dismissed without leave to amend.

B. Due Process Claim

With respect to Plaintiff's allegation that Defendant "aided local businesses . . . harassing Plaintiff in an effort to end Plaintiff's business career," Defendant argues that losing some business does not implicate a valid property interest under the Due Process Clause and that Plaintiff fails to allege that Defendant caused him to lose his business altogether. The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property" without due process of law. Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995). To state a claim under the Due Process Clause a plaintiff must allege that the government has deprived him of life, liberty or property, Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976), and that the government deprived him of these constitutionally-protected interests without due process of law. Id.

"The assets of a business (including its good will) unquestionably are property, and any state taking of those assets is unquestionably a 'deprivation' under the Fourteenth Amendment." College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 674 (1999).

Plaintiff does not clearly allege that municipal actors'

8

conduct amounted to a deprivation of his entire business, or, if so, how. Nor does he allege the type of process to which he believes he is due. The Court dismisses Plaintiff's due process claim with leave to amend to make these allegations, if he can truthfully do so.

II. State Law Claims

A. Federal Rule of Civil Procedure 8(a)

Defendant argues that Plaintiff fails to allege any specific state law claim. Plaintiff's vague assertion that his claim arises under "other applicable State of California . . . laws" is not sufficient to state a claim under Federal Rule of Civil Procedure 8(a). Plaintiff must specify the exact state law violation which he intends to claim. Plaintiff's state law claims are, therefore, dismissed. The Court grants leave to amend these claims, if they can be amended in compliance with the statute of limitations, as discussed below.

B. Statute of Limitations

Defendant argues that Plaintiff's state law claims should be dismissed without leave to amend because he did not file his lawsuit timely after exhausting his administrative remedies.

California law requires that a plaintiff suing a public entity first seek relief in the City Controller's Office. Cal. Gov't Code § 945.4. If the relief is denied, the plaintiff may file a lawsuit within six months of that denial. Cal. Gov't Code § 945.6(a)(1). Failure to file within six months may result in summary judgment for the defendant. Gonzales v. County of Los Angeles, 199 Cal. App. 3d 601, 605 (1988). The six month statute of limitations applies to actions in federal court. See Estate of Darulis v.

9

1 Garate, 401 F.3d 1060, 1062 (9th Cir. 2005).

2 The purpose of the statute is to insure that claims are not stale and evidence is available. DeLeon v. Bay Area Rapid Transit Dist., 33 Cal.3d 456, 459 (1983); Addison v. State of California, 21 Cal.3d 313, 317 (1978). However, there is a strong public policy favoring disposition of litigation on the merits wherever possible, rather than on procedural grounds. Barrington v. A. H. Robins Co., 39 Cal.3d 146, 152 (1985).

On February 1, 2007, Plaintiff filed his first claim with the City Controller's Office alleging "Wrongful Eviction, Violation of Civil Rights (Whistleblower Statutes), Police Harassment and Misconduct." Dec. of Joshua S. White, Exhibit C. On August 3, 2007, Plaintiff's claim was denied. This complaint was filed on February 25, 2009, more than six months after August 3, 2007, so it is barred by the statute of limitations. Plaintiff argues that this claim was moot because he was evicted. This argument is unavailing. Any putative state law claims Plaintiff brings for "Wrongful Eviction, Violation of Civil Rights (Whistleblower Statutes), Police Harassment and Misconduct" are dismissed without leave to amend.

On September 1, 2008, Plaintiff filed a second claim with the City Controller's Office against the San Francisco Police Department alleging that officers "caused Claimant severe emotional distress and deprived him of his civil rights." Neither party alleges the date of the City Controller's Office decision. Nevertheless, Plaintiff's first and second claims are based on the same facts and circumstances; in both claims Plaintiff alleges that he was harassed by police officers because of his report regarding

10

the allocation of contracts to businesses in Hunter's Point. Because both claims are based on the same incidents, Plaintiff's second claim does not restart the statute of limitations. Thus, any of Plaintiff's causes of action that depend on these administrative claims to satisfy the exhaustion requirement are time-barred. The Court, therefore, dismisses Plaintiff's state law claims with leave to amend to allege only specific state law claims that have been exhausted and are not time-barred.

III. Punitive Damages

Defendant argues that Plaintiff's claim for punitive damages must be dismissed because Plaintiff may not recover such damages against it under either state or federal law. Plaintiff's opposition fails to address this argument.

The Supreme Court has held that a municipality is immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Generally, under California law, public entities are not liable for punitive damages. See Cal. Gov't Code § 818.

Plaintiff's federal claims arise under § 1983 and, therefore, he may not seek punitive damage for his federal claims. Plaintiff also may not seek punitive damages against the City and County of San Francisco for any state law claim. A public employee, however, may be held liable for punitive damages. Runyon v. Superior Court, 187 Cal.3d 878, 232 (1986). Under California law, punitive damages are available upon a showing that the defendant acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294. If Plaintiff is able to amend his complaint to state a claim under California law against a named public employee, he may seek

11

punitive damages against that employee if he is truthfully able to allege oppression, fraud, or malice.

## CONCLUSION

The Court GRANTS Defendant's motion to dismiss Plaintiff's amended complaint. Plaintiff's claims under § 1983 are dismissed. Plaintiff's Equal Protection claim under § 1983 and request for punitive damages on his § 1983 claims are dismissed without leave to amend. Plaintiff's Due Process claim under § 1983 and state law claims are dismissed with leave to amend. Plaintiff may file and serve a second amended complaint within twenty (20) days of this order. If Plaintiff fails to file a second amended complaint during this time, his complaint will be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   June 5, 2009

CLAUDIA WILKEN
United States District Judge