IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY IMPERIAL,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>              Defendants./ | No. 08-05644 CW<br><br>ORDER DENYING DEFENDANT JAMES T. RAMSEY'S MOTION TO DISMISS (Docket No. 34) |

   Defendant James T. Ramsey, sued as Inspector Ramsey, moves to dismiss Plaintiff Anthony Imperial's Second Amended Complaint (2AC) for insufficient process and insufficient service of process. Plaintiff opposes the motion.  The motion was taken under submission on the papers.  Having considered all the papers submitted by the parties, the Court DENIES Defendant Ramsey's Motion to Dismiss.  Instead, the Court allows Plaintiff fourteen days from the date of this Order to serve Defendant Ramsey.

                              BACKGROUND

   Plaintiff filed his original complaint on December 18, 2008, alleging that San Francisco Police Department officers harassed him in violation of 42 U.S.C. § 1983.  The original complaint named as Defendants the City and County of San Francisco and ten unknown "Doe" individuals.

   The City and County moved to dismiss Plaintiff's first complaint for failure to state a claim.  In lieu of a timely

opposition, Plaintiff filed an amended complaint, which the City and County moved to dismiss for failure to state a claim. The Court granted this motion and dismissed Plaintiff's complaint with leave to amend.

Plaintiff filed his 2AC on July 9, 2009, naming Inspector Ramsey and several Doe individuals as Defendants. Plaintiff dropped his claims against the City and County. The Court's records do not show that the Clerk issued a summons for Defendant Ramsey.

## DISCUSSION

Defendant Ramsey does not dispute that he received a copy of the 2AC. He nonetheless asserts that service was insufficient because the 2AC was not accompanied by a court summons. He challenges the sufficiency of service under Federal Rule of Civil Procedure 12(b)(5).[1]

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). A court may dismiss the action without prejudice pursuant to Rule 12(b)(5). Once a defendant challenges service, a plaintiff bears "the burden of establishing that service was valid under" Federal Rule of Civil Procedure 4. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

---

[1] Defendant Ramsey also moves pursuant to Rule 12(b)(4). However, a Rule 12(b)(4) motion addresses insufficient process, which attacks the content of a summons. See Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986), rev'd on other grounds, 487 U.S. 412 (1988) (stating that Rule 12(b)(4) was "designed to challenge irregularities in the contents of the summons"). Defendant Ramsey does not assert such a challenge.

2

1    Federal Rule of Civil Procedure 4(b) requires a court summons
2 to be issued for each defendant.  Under Rule 4(c)(1), a plaintiff
3 must serve each defendant with a summons and a copy of the
4 complaint.  Proper service must occur within 120 days after the
5 complaint is filed.  Fed. R. Civ. P. 4(m).  If such service has not
6 occurred, a court "must dismiss the action without prejudice
7 against that defendant or order that service be made within a
8 specified time."  Id.  Although Rule 4 should be construed
9 liberally, "'neither actual notice nor simply naming the defendant
10 in the complaint will provide personal jurisdiction without
11 substantial compliance with Rule 4.'"  SEC v. Ross, 504 F.3d 1130,
12 1140 (9th Cir. 2007) (quoting Benny v. Pipes, 799 F.2d 489, 492
13 (9th Cir. 1986)).

14    Plaintiff does not argue that service on Defendant Ramsey was
15 proper.  Instead, he asserts that the service, via e-filing, of the
16 2AC on the City Attorney's Office, which represented the City and
17 County, constituted service on Defendant Ramsey.  He appears to
18 argue that, because the City and County and Defendant Ramsey share
19 counsel, service on one is the equivalent of service on the other.
20 This is incorrect.  Rule 4 requires a plaintiff to obtain a summons
21 that names each defendant and to serve it along with a copy of the
22 complaint on each defendant.  Plaintiff did not satisfy either
23 requirement: no summons issued naming Defendant Ramsey and
24 Plaintiff did not serve him with any summons.  Although Defendant
25 Ramsey acknowledges that he received Plaintiff's 2AC, this does not
26 satisfy the requirements of Rule 4.

27    Nonetheless, the Court DENIES Defendant Ramsey's Motion to

United States District Court
For the Northern District of California

Dismiss. (Docket No. 34.) Within fourteen days of the date of this Order, Plaintiff shall (1) obtain a summons for Defendant Ramsey from the Clerk of the Court, (2) serve this summons and a copy of the 2AC on Defendant Ramsey in accordance with the requirements of Rule 4 and (3) file proof of service with the Court. If Plaintiff does so, Defendant Ramsey shall file an answer or motion to dismiss within twenty-one days of the date of service. A case management conference shall be held on July 20, 2010 at 2:00 p.m.

**Failure by Plaintiff to comply with the requirements of this Order will result in the dismissal of his claims without prejudice.**

IT IS SO ORDERED.

Dated: April 20, 2010

_____
CLAUDIA WILKEN
United States District Judge