IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY IMPERIAL,<br><br>    Plaintiff,<br><br>  v.<br><br>INSPECTOR RAMSEY, Does 1 to 10,<br><br>    Defendants.<br>_____/ | No. 08-05644 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE |

    Defendant San Francisco Police Inspector James T. Ramsey moves to dismiss Plaintiff Anthony Imperial's Second Amended Complaint (2AC) on the ground that it fails to state a claim upon which relief can be granted.  Plaintiff has filed a response in which he states that he is not filing an opposition because he has amended his complaint in compliance with the Court's June 5, 2009 Order Granting Defendant's Motion to Dismiss his First Amended Complaint (1AC), in which the sole named Defendant was the City and County of San Francisco (San Francisco).  Having read Plaintiff's 2AC and the papers submitted by Defendant, the Court grants Defendant's motion to dismiss and dismisses Plaintiff's 2AC with prejudice.  The hearing scheduled for July 15, 2010 is vacated.

## FACTUAL BACKGROUND

    With minor exceptions, the allegations in Plaintiff's 2AC are

the same as those in his 1AC.  In his 2AC, Plaintiff sues Inspector Ramsey instead of San Francisco, the defendant named in his .  In his 2AC, Plaintiff alleges the following.  Plaintiff "does business" as NextArts in the Hunter's Point area of San Francisco.  Plaintiff reported to San Francisco officials irregularities in contracts awarded to businesses in the Hunter's Point area and several of the Hunter's Point businesses requested police assistance in quieting Plaintiff.  As a result of his whistle-blowing, Plaintiff became "the target of police harassment."

Inspector Ramsey and other unnamed police officers aided local businesses "in an effort to end Plaintiff's business career."  Inspector Ramsey and other unnamed officers supplied "incorrect and improper information regarding Plaintiff" to Sam Singer and Associates (Singer), allowing Singer to obtain a restraining order against Plaintiff.  Inspector Ramsey and other unnamed officers also "supplied Singer with information regarding a past conviction of Plaintiff that was sealed by the court and was unrelated to any alleged present behavior by Plaintiff."  Inspector Ramsey harassed Plaintiff despite his knowledge that Plaintiff is disabled.

Based on these allegations, Plaintiff attempts to state claims under 42 U.S.C. § 1983 against Inspector Ramsey for violations of his due process and equal protection rights under the Fourteenth Amendment, and "other applicable State of California and Federal laws, including but not limited to the California Civil Code Sections 51 and 51.7."

## PROCEDURAL BACKGROUND

On December 18, 2008, Plaintiff filed his original complaint

2

against San Francisco. On January 21, 2009, San Francisco filed a motion to dismiss. On February 25, 2009, Plaintiff filed his 1AC. The Court denied San Francisco's motion to dismiss the original complaint as moot. On March 9, 2009, San Francisco filed a motion to dismiss the 1AC. On June 5, 2009, the Court issued its Order Granting the Motion to Dismiss.

The Equal Protection claim was dismissed on the ground that Plaintiff had failed to allege that he was a member of a protected class or that San Francisco had discriminated against him because of his membership in a protected class. The claim was dismissed without leave to amend because San Francisco had made this same argument in its motion to dismiss Plaintiff's original complaint, so that Plaintiff had an opportunity to correct this deficiency and had failed to do so in his 1AC.

The Due Process claim was dismissed on the ground that Plaintiff "had failed to allege that municipal actors' conduct amounted to a deprivation of his entire business, or, if so, how." The Court also dismissed on the ground that Plaintiff had not alleged the type of process to which he believed he was due. This claim was dismissed with leave to amend for Plaintiff to correct these deficiencies.

The Court dismissed Plaintiff's unspecified state law claims on the ground that any state claim that depended upon the administrative claims that Plaintiff had filed against San Francisco to satisfy the exhaustion requirement was time-barred. The Court granted leave to amend for Plaintiff to allege specific state law claims that had been exhausted and were not time-barred.

3

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions or "naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

I. Federal Claims

    A. Equal Protection Claim

In its June 5, 2010 Order, the Court dismissed Plaintiff's Equal Protection claim without leave to amend.  Therefore, Plaintiff may not re-allege this claim in his 2AC.  Furthermore, in his 2AC, Plaintiff has not remedied the deficiencies that the Court noted in the June 5, 2010 Order.  Therefore, the Equal Protection claim is again dismissed with prejudice.

    B. Due Process Claim

In his 2AC, Plaintiff has added no new allegations regarding his Due Process claim.  He merely repeats the allegation that

4

1  Inspector Ramsey "aided local businesses . . . in harassing
2  Plaintiff in an effort to end Plaintiff's business career . . ." by
3  assisting Singer in obtaining a restraining order against
4  Plaintiff.
5      The Due Process Clause of the Fourteenth Amendment protects
6  individuals against governmental deprivations of "life, liberty or
7  property" without due process of law. Board of Regents v. Roth,
8  408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795
9  (9th Cir. 1995). To state a claim under the Due Process Clause a
10 plaintiff must allege that the government has deprived him of life,
11 liberty or property, Mathews v. Eldridge, 424 U.S. 319, 332-33
12 (1976), and that the government deprived him of these
13 constitutionally-protected interests without due process of law.
14 Id. "The assets of a business (including its good will)
15 unquestionably are property, and any state taking of those assets
16 is unquestionably a 'deprivation' under the Fourteenth Amendment."
17 College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense
18 Bd., 527 U.S. 666, 674 (1999).
19     As in his 1AC, Plaintiff does not clearly allege that
20 Inspector Ramsey's actions amounted to a taking of his business,
21 and, if so, how. Furthermore, he again fails to allege the type of
22 process which he believes was due. Therefore this claim is
23 dismissed. Because Plaintiff had an opportunity to remedy these
24 deficiencies, but failed to do so, this claim is dismissed with
25 prejudice.
26 II. State Claims
27     In his 2AC, Plaintiff complied with the Court's instruction to
28                                 5

1 specify the state causes of action he was asserting by indicating
2 that Inspector Ramsey violated California Civil Code §§ 51 and
3 51.7.  However, other than this change, Plaintiff adds no new
4 allegations regarding his state claims.
5     California law requires that a plaintiff suing a public entity
6 must first present a claim to that public entity.  Cal. Gov't Code
7 § 945.4.  If the relief is denied, the plaintiff may file a lawsuit
8 within six months of that denial.  Cal. Gov't Code § 945.6(a)(1).
9 This rule also applies to claims against public employees acting
10 within the scope of their employment.  Neal v. Gatlin, 35 Cal. App.
11 3d 871, 873 n.1 (1973) (citing California Government Code §§ 950.2
12 and 945.4); C.A. Magistretti Co. v. Merced Irrigation Dist., 27
13 Cal. App. 3d 270, 274-75 (1972).  A plaintiff must allege in his
14 complaint that he has complied with the claim presentment statute
15 in order to state a cause of action against a public employee.  Id.
16 at 275; Dujardin v. Ventura County Gen. Hosp., 69 Cal. App. 3d 350,
17 355 (1977).
18     In the June 5, 2010 Order, the Court dismissed Plaintiff's
19 state claims, partly because he failed to file his complaint within
20 six months of the denial of his administrative claim.  The Court
21 granted leave to amend to allege only state claims that were
22 exhausted and were not time-barred.  In his 2AC, Plaintiff does not
23 allege that he filed an administrative claim against Inspector
24 Ramsey for violations of California Code § 51 and 51.7, nor that
25 these claims are timely filed.  For this reason, Plaintiff's claims
26 under §§ 51 and 51.7 must be dismissed.  See Castenada v. City of
27 Napa, Cal., 1996 WL 241818, *6 (N.D. Cal.) (claims under § 51.7

6

must be exhausted pursuant to California Government Code § 945.4); K.S. v. Fremont Unified Schl. Dist., 2007 W.L. 4287522, *4 (N.D. Cal.) (Unruh Act causes of action are subject to Tort Claims Act presentment requirements) (citing Gates v. Sup. Ct., 32 Cal. App. 4th 481, 508 (1995)).

## CONCLUSION

Accordingly, Defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed with prejudice because he had the opportunity to remedy the deficiencies noted above, but failed to do so. The Clerk shall enter judgment and close the file. Defendants shall recover their costs from Plaintiff.

IT IS SO ORDERED.

Dated: July 13, 2010

CLAUDIA WILKEN
United States District Judge